NicholsoN, Ch. J.,
delivered the opinion of the court.
This action was brought to recover the value of work and labor done by plaintiff for defendant, in and about the erection of a pest house, or smallpox hospital, and for damages sustained by him in consequence of the alleged violation by defendant of an agreement under which he was to complete the work. The plaintiff proved upon the trial by a witness, who was Mayor of Chattanooga at the date of the contract, that the contract was made with him by Dr. Franklin, who was a member of the Board of Aldermen, and also of its Committee on Health and Hospitals, at the time and in pursuance of authority given him by the board; but the witness stated that the contract was not signed. On objection by defendant, this evidence was “ ruled out ” by the court, on the ground that the authority of the agent to bind the board could only be shown by its book of minutes. The plain *606 tiff then proved by H. N. Snyder, a member of the Board of' Mayor and Aldermen, who examined “ the minutes” in open court, that he could find no record therein of the names, or appointment of the Committee on Health and Hospitals, who, as plaintiff alleged, had been authorized to make the contract, and by whose authority he also alleged it was made. Having proved that no record of the appointment could be found upon the minutes, plaintiff offered to prove the names of the persons who composed the committee, but the court, on defendant’s objection,' refused to admit the evidence, having previously held, as the record states, “that to prove the appointment of any agent for the defendant, it was necessary to do so by the book of minutes.”
This action of the Circuit Court was erroneous. In Angel & Ames on Corporations, s. 284, the law is correctly stated, that “it seems clear that a vote or resolution appointing an agent need not be entered on the minutes or records of the corporation, in order to his due appointment, unless the charter, statute, or by-laws, are not merely directory in this particular, but render it absolutely essential; * * * * and not only the appointment, but the authority of an agent of. a corporation, may be implied from the adoption or recognition of his acts by the corporation or its directors.” See also Williams v. Christian Female College, 29 Mo., (8 Jones) 250, and cases- cited in Abbott on Corp., p. 5, numbers 22, 24, 25, 26, 28, 30; Story on Ag., ss. 52-57, first ed.; 1 Meigs’ D., 332, No. 566.
*607 Other errors appear as to the admission and rejection of evidence on the trial, but they need not be here specified or considered.
Reverse the judgment.